UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BROOKS L. MAULDIN,

        Plaintiff,        Case No. 2:12-cv-10115

v.        Honorable R. Allan Edgar

UNITED STATES DEPARTMENT OF JUSTICE,

        Defendant.

_____/

## MEMORANDUM AND ORDER

Plaintiff Brooks L. Mauldin filed this *pro se* suit against "Eric Holder Jr., U.S. Department of Justice." Compl., Doc. No. 1. On June 4, 2012, Plaintiff filed a motion to amend his complaint, and attached a copy of his proposed amended complaint. Doc. No. 9. Plaintiff's motion to amend his complaint will be granted. In his amended complaint, Plaintiff alleges that U.S. District Judge Marianne Battani improperly dismissed a prior lawsuit that he had brought. *Id*. Plaintiff states that this improper dismissal violated his First, Seventh, Eleventh, and Fourteenth Amendment Constitutional rights. *Id*. Plaintiff seeks damages, and to have Judge Battani removed from the bench. *Id*. The United States Department of Justice ("DOJ") has filed a motion to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Doc. No. 10. The Court has considered this motion, along with its accompanying brief, Plaintiff's response, and the DOJ's reply, and the matter is now ready for decision.

A party may bring either a facial or factual Rule 12(b)(1) challenge based on lack of subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th

Cir. 1990).  In analyzing a facial attack such as this one, the court takes the allegations in the complaint as true and determines whether those allegations are sufficient to establish subject matter jurisdiction.  *Id*.  "When the defendant challenges the existence of subject-matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists." *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011).

The DOJ argues that sovereign immunity bars this suit.  Under the doctrine of sovereign immunity, the United States must consent to being sued before a suit may be maintained against it.  *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004) (internal citation omitted).  "[Plaintiff] must identify a waiver of sovereign immunity to proceed against the United States.  If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds."  *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000), *citing Dalehite v. United States*, 346 U.S. 15, 30 (1953).

In his amended complaint, Plaintiff states that he "claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution." Am. Compl., Doc. No. 9, ¶ I.  Plaintiff further states that he is bringing suit "pursuant to Title 28 U.S. Code § 1331, claims arising from violations of federal constitutional rights guaranteed in the Fourteenth Amendments to the U.S. Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics agents 403 U.S. 388 (1971)."  *Id.*, ¶ II.  28 U.S.C. § 1331 states the following: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, and treaties of the United States." However, Section 1331's general grant of federal question jurisdiction "does not by its own terms waive sovereign immunity[.]"  *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998) (internal citation omitted); *see also Moher v. United States*, -- F.Supp.2d -- , 2012 WL

2089849, at *26 (W.D. Mich. June 8, 2012) (Edgar, J.).  Plaintiff's response cites to several inapplicable cases, but fails to identify a waiver of sovereign immunity by the United States that would establish subject matter jurisdiction over this suit.  Dismissal of the DOJ is therefore proper.  To the extent that Plaintiff has attempted to assert an official capacity claim against Eric Holder, Jr., dismissal of that claim is also proper.  "By extension, sovereign immunity also protects the officers and agents of the United States from suit in their official capacities."  *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007) (internal citation omitted).  Plaintiff has failed to identify a waiver of sovereign immunity with regard to any official capacity claim that he is asserting against Eric Holder, Jr.

Finally, the Court finds that, to the extent that Plaintiff has attempted to assert an individual capacity claim against Eric Holder, Jr., Plaintiff has failed to state a claim upon which relief may be granted.  When a party is proceeding *in forma pauperis*, as Plaintiff is in the present case, the Court may dismiss the case at any time if the Court determines that an action is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Plaintiff fails to make any specific factual allegations against Eric Holder, Jr.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant

3

was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because any individual capacity claim against Eric Holder, Jr. falls far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), that claim must be dismissed.

For the reasons expressed above, Plaintiff's motion to file an amended complaint [Doc. No. 9] is GRANTED, and the DOJ's motion to dismiss [Doc. No. 10] is GRANTED. To the extent that Plaintiff has asserted an individual capacity claim against Eric Holder, Jr., that claim will be DISMISSED WITH PREJUDICE. The remainder of Plaintiff's case will be DISMISSED WITHOUT PREJUDICE. A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated:      10/5/2012                    */s/ R. Allan Edgar*
                                         R. Allan Edgar
                                         United States District Judge

4